Edward R. Hugo [Bar No. 124839]
Robert J. Bugatto [Bar No. 209418]
HUGO PARKER, LLP
240 Stockton Street, 8th Floor
San Francisco, CA 94108
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: service@HugoParker.com

Attorneys for Defendant
FOSTER WHEELER LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KEELING AND LOIS KEELING,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN CRANE INC. et al.<br><br>Defendants. | Case No. 3:23-cv-1066<br><br>DEFENDANT FOSTER WHEELER LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS<br><br>Judge:  Hon. Laurel Beeler<br>Courtroom:  B, 15th Floor<br>Action Filed:  January 23, 2023<br>Removed:  March 9, 2023<br>Trial Date:  Not set |

COMES NOW Defendant FOSTER WHEELER LLC (hereinafter "Defendant" or "FOSTER WHEELER") and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, answers Plaintiffs' unverified Complaint for Personal Injury - Asbestos (hereinafter the "Complaint") on file herein as follows:

### RESERVATION OF RIGHT TO TRIAL BY JURY

FOSTER WHEELER reserves the right to a trial by jury.

### ADMISSIONS AND DENIALS

Except as noted, Defendant answers the allegations in Plaintiffs' Complaint as set forth below as to FOSTER WHEELER only and such responses are not intended as a response to the allegations made as they may apply to other defendants named in this action.

FIRST CAUSE OF ACTION

(Negligence I)

Answering Paragraphs 1 through 2:  Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the, or any of the, allegations in the paragraph, and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

Answering Paragraphs 3 through 21:  Defendant denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to Defendant. As to allegations made against other defendants, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the allegations in the paragraph(s), and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

SECOND CAUSE OF ACTION

(Products Liability)

Answering Paragraphs 22 through 37:  Defendant denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to Defendant. As to allegations made against other defendants, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the allegations in the paragraph(s), and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

THIRD CAUSE OF ACTION

(Negligence II)

Answering Paragraphs 38 through 66:  Defendant denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to Defendant. As to allegations made against other defendants, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the allegations in the paragraph(s), and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION

### (Respiratory Safety Devices - Negligence I)

Answering Paragraphs 67 through 72: Defendant denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to Defendant. As to allegations made against other defendants, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the allegations in the paragraph(s), and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

## FIFTH CAUSE OF ACTION

### (Respiratory Safety Devices – Products Liability)

Answering Paragraphs 73 through 74: Defendant denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to Defendant. As to allegations made against other defendants, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the allegations in the paragraph(s), and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

## SIXTH CAUSE OF ACTION

### (Loss of Consortium)

Answering Paragraphs 75 through 79: Defendant denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to Defendant. As to allegations made against other defendants, Defendant alleges that it does not have sufficient information or belief on the subject to enable it to answer the allegations in the paragraph(s), and basing its denial on that ground, denies each and every allegation contained therein, generally and specifically, and each and every part thereof.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

<u>Failure to State a Cause of Action</u>

This answering Defendant alleges that Plaintiffs' Complaint, and each of the causes of action for relief alleged therein, fails to state a cause of action against this answering Defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

<u>Contravention of Defendant's Constitutional Rights to Due Process of Law</u>

The Complaint and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted a claim for relief which, if granted, would contravene Defendant's constitutional rights to substantive and procedural due process of law as preserved for Defendant by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

<u>THIRD AFFIRMATIVE DEFENSE</u>

<u>Denial of Defendant's Constitutional Rights to Equal Protection of the Laws</u>

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if granted, would constitute a denial by this Court of Defendant's constitutional right to equal protection of the laws as preserved by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

<u>Unconstitutional Taking of Private Property for Public Use Without Just Compensation</u>

The Complaint, and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if granted, would constitute the taking of private property for public use without just compensation in contravention of the Fifth and Fourteenth Amendments to the United

States Constitution and by Article I, Section 7 and 19, of the Constitution of the State of California, and the applicable California statutes.

## FIFTH AFFIRMATIVE DEFENSE

### Comparative Fault

This answering Defendant alleges that the damages, if any, complained of by Plaintiffs, were proximately caused by the negligence, fault, breach of contract and/or strict liability of Plaintiffs or other defendants, firms, persons, corporations, unions, employers and entities other than Defendant, and that said negligence, fault, breach of contract and/or strict liability comparatively reduces the percentage of any negligence, fault, breach of contract or strict liability for which Defendant is legally responsible, if any be found, which liability this Defendant expressly denies. Further, this answering Defendant alleges that Plaintiffs did not exercise ordinary care, caution or prudence to avoid the incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiffs, were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### Contributory Negligence

This answering Defendant alleges that Plaintiffs did not exercise ordinary care, caution or prudence to avoid the incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiffs, were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

### Uncertainty

This answering Defendant alleges that Plaintiffs' Complaint and all purported causes of action therein are vague, ambiguous and uncertain, and fail to state a cause of action on any theory.

1

EIGHTH AFFIRMATIVE DEFENSE

2

Laches

3      This answering Defendant alleges that Plaintiffs unreasonably delayed in bringing this

4  action and that such delay substantially prejudiced Defendant, and that this action is therefore

5  barred by the Doctrine of Laches.

6

NINTH AFFIRMATIVE DEFENSE

7

Statute of Limitations

8      This answering Defendant alleges that Plaintiffs' Complaint and the purported causes of

9  action therein are barred by all statutes of limitation, including, but not limited to the provisions of

10  California Code of Civil Procedure §§ 338, 338.1, 339(1), 340, 340(3), 340.2(a), 340.2(c), 343,

11  352, 366.1 and 366.2, and California Commercial Code § 2725.  Plaintiffs' claims are further

12  barred by the statute of limitations of states other than California pursuant to California Code of

13  Civil Procedure § 361.

14

TENTH AFFIRMATIVE DEFENSE

15

Statute of Repose

16      This answering Defendant alleges that Plaintiffs' Complaint and the purported causes of

17  action therein are barred by all statutes of repose, including but not limited to the provisions of

18  California Code of Civil Procedure §§ 337.1, and 337.15.

19

ELEVENTH AFFIRMATIVE DEFENSE

20

Strict Liability Claims Precluded Against Contractor Defendant

21      This answering Defendant alleges that it did not manufacture, sell or distribute the asbestos-

22  containing product(s) at issue in Plaintiffs' Complaint.  To the extent that Plaintiffs allege that

23  Defendant is liable in its capacity as a contractor, Defendant asserts that strict liability is precluded

24  against a contractor/service provider, as "strict product liability theories apply only to sales or other

25  commercial transfers of goods and not to services."  (Hyland Therapeutics v. Superior Court (1985)

26  175 Cal.App.3d 509, 513 (emphasis in original); see also Pierson v. Sharp Memorial Hospital, Inc.

27  (1989) 216 Cal. App. 3d 340, 344 ["Courts have not extended the doctrine of strict liability to

28  transactions whose primary objective is obtaining services."].)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWELFTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

This answering Defendant alleges that Plaintiffs failed to mitigate damages which Plaintiffs contend Plaintiffs suffered, and Plaintiffs are therefore barred from any recovery whatsoever, or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Estoppel

This answering Defendant alleges that as a result of the acts, conduct and/or omissions of Plaintiffs and their agents, or any of them, and each cause of action presented therein, is barred under the Doctrine of Estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Waiver

This answering Defendant alleges that Plaintiffs, by their acts, conduct and omissions, have waived the claims alleged in their Complaint and in each purported cause of action alleged therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Acquiescence

Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this answering Defendant, thus barring Plaintiffs from any relief as prayed for herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Notice of Dangers

Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, storage and in place asbestos of the products, substances, equipment and at premises in which exposure is claimed as is described in the Complaint and are therefore barred from any relief prayed for.

1

SEVENTEENTH AFFIRMATIVE DEFENSE

2

Compliance with Statutes

3

This answering Defendant alleges that all of its conduct and activities as alleged in the

4

Plaintiffs' Complaint conformed to statutes, government regulations, and industry standards based

5

upon the state of knowledge existing at all relevant times.

6

EIGHTEENTH AFFIRMATIVE DEFENSE

7

Compliance with Specifications

8

This answering Defendant alleges that the asbestos products or asbestos used or in place at

9

any premises, if any, for which Defendant had any legal responsibility, were manufactured,

10

packaged, distributed or sold in accordance with contract specifications imposed by its co-

11

defendants, by the U.S. Government, by the State of California, by Plaintiffs' employers, or by

12

third parties yet to be identified.

13

NINETEENTH AFFIRMATIVE DEFENSE

14

Government Contractor Defense

15

This answering Defendant alleges that Plaintiffs' Complaint and all purported causes of

16

action therein are barred by the "government contractor" defense.  (See Boyle v. United

17

Technologies Corp., 487 U.S. 500, 512 (1988); Getz v. The Boeing Company, 654 F.3d 852 (9th

18

Cir. 2011); Tate v. Boeing Helicopters, 55 F.3d 1150, 1157 (6th Cir. 1995); McKay v. Rockwell

19

International Corp., 704 F.2d 444 (9th Cir. 1983).)

20

TWENTIETH AFFIRMATIVE DEFENSE

21

Derivative Sovereign Immunity

22

Insofar as any of Plaintiffs' claims against Defendant involve any military products or

23

equipment it manufactured or supplied to the U.S. Government, Defendant asserts that Plaintiffs'

24

claims are barred by the derivative sovereign immunity defense.  (See Yearsley v. W.A. Ross

25

Construction Co., 309 U.S. 18 (1940); Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 167 (2016)

26

["'there is no liability on the part of the contractor' who simply performed as the Government

27

directed"].)

28

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### Federal Preemption

3    Any and all State law causes of action asserted by Plaintiffs are barred as they are

4 preempted or otherwise displaced by federal statute and/or regulation and/or rule governing the

5 field at issue.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

### Federal Officer Defense

8    Any product that Defendant manufactured for or supplied to the Navy (and any product

9 literature, labeling, or warnings that accompanied that product) would be subject to Navy

10 specifications and requirements.  Federal officers exercised their discretion regarding whether (1)

11 asbestos was used in the product, and (2) whether a warning would accompany the product (and if

12 so, what it would say).  Without approval from a federal officer, the products could not have been

13 used by the Navy.  (28 U.S.C. §§ 1442(a)(1) and 1446; see Leite v. Crane Co., 749 F.3d 1117 (9th

14 Cir. 2014); accord Cuomo v. Crane Co., 771 F.3d 113 (2d Cir. 2014).  The "federal officer"

15 defense acts as a complete bar to Plaintiffs' claims.

16

## TWENTY-THIRD AFFIRMATIVE DEFENSE

17

### Employee of U.S. Military

18    To the extent that Plaintiffs were allegedly injured as a result of their service in the United

19 States military, this Defendant should not bear any responsibility or liability inasmuch as any

20 action(s) by Plaintiffs during such service occurred under the supervision and control of the United

21 States military.

22

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

23

### No Conspiracy

24    This answering Defendant alleges that Defendant has no liability for the acts, omissions or

25 otherwise of any other defendant or entity because Defendant did not become legally responsible

26 for the acts of any such defendant, nor entity, by any communication, alleged, implied, or actual,

27 nor act, action, or activity, and never was, nor is, a conspirator nor co-conspirator with any other

28 Defendant or entity.

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### State-of-the-Art

3   This answering Defendant alleges that all of its activities, products, materials and its

4   premises at issue here at all times were conducted, used, produced, marketed, and operated in

5   conformity with the existing scientific, medical industrial hygiene and consumer knowledge, art

6   and practice and state-of-the-art.

7

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

8

### Obvious Danger

9   This answering Defendant alleges that it was under no legal duty to warn of the hazards

10  associated with the use of products containing asbestos because it is informed and believes and

11  thereon alleges that the dangers were or should have been obvious under the circumstances of this

12  case.  (Johnson v. American Standard (2008) 43 Cal.4th 56.)

13

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

14

### Sophisticated User

15  This answering Defendant alleges that, as the California Supreme Court ruled in Johnson v.

16  American Standard (2008) 43 Cal.4th 56, Defendant was under no legal duty to warn Plaintiffs of

17  the hazard associated with the use of products containing asbestos or their existence at any

18  premises owned, operated, controlled or otherwise by Defendant.  As purchasers of said products,

19  Plaintiffs, Plaintiffs' employers, their unions, and/or certain third parties yet to be identified, were

20  knowledgeable and sophisticated users and were in a better position to warn Plaintiffs of the risk

21  associated with using products containing asbestos and, assuming a warning was required, it was

22  the failure of such persons or entities to give such a warning that was the proximate and

23  superseding cause of Plaintiffs' damages, if any.

24

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25

### Sophisticated Intermediary

26  This answering Defendant alleges that it was under no legal duty to warn of the hazards

27  associated with the use of products containing asbestos because it is informed and believes and

28  thereon alleges that a sophisticated intermediary had been provided adequate warnings, or knew or

should have been aware of the specific dangers, and this answering Defendant reasonably relied on the intermediary to convey appropriate warnings to downstream users who would encounter the product. Webb v. Special Electric Co., Inc., 63 Cal.4th 167 (2016).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### No Liability for Component or Replacement Parts

Defendant is not liable for a defect in another's product and/or third-party component parts even if it is foreseeable that the defective product would be used in conjunction with Defendant's products. O'Neil v. Crane Co., 53 Cal.4th 335 (2012); Taylor v. Elliott Turbomachinery Co., Inc., 171 Cal.App.4th 564 (2009).

## THIRTIETH AFFIRMATIVE DEFENSE

### No Foreseeable Risk to Plaintiffs

The state of the medical, scientific, and industrial knowledge and practice was at all material times such that Defendant neither breached any alleged duty owed Plaintiffs, nor knew, nor could have known, that its activities, materials, products, activities or premises presented a foreseeable risk of harm to Plaintiffs in the normal and expected course of such activities and use of such materials and products.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### No Right to Control

This answering Defendant alleges that any loss, injury, or damage incurred by Plaintiffs was proximately and legally caused by the negligent or willful acts or omissions of parties which Defendant neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### Action for Relief

This answering Defendant alleges the causes of action, if any, attempted to be stated and set forth in the Complaint, are barred by the provisions of the Code of Civil Procedure of the State of California and/or other statutes of the State of California, including without limitation C.C.P. § 338(d).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Misuse and Improper Use of Products

This answering Defendant alleges that if Plaintiffs allegedly suffered injuries attributable to the disturbance or use of any product for which Defendant had any legal responsibility, which allegations are expressly herein denied, the injuries were solely caused by, and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use and abuse which was made of said product by persons or entities other than Defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Due Care and Diligence

This answering Defendant alleges that Defendant exercised due care and diligence in all of the matters alleged in the Complaint, and no act or omission by Defendant was the proximate cause of any damage, injury or loss to Plaintiffs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Alteration and Misuse of Product

This answering Defendant alleges that an insubstantial amount, if any at all, of the products containing asbestos distributed, used, supplied by Defendant or used or in place at any premises owned or controlled by Defendant, were not disturbed or used in the presence of Plaintiffs and not supplied to Plaintiffs, and if so, were substantially altered by others and/or used in a manner inconsistent with the labeled directions.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Equal or Greater Knowledge of Hazards

This answering Defendant alleges that any and all products containing asbestos used, distributed or supplied by Defendant were distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which knowledge is equal to or greater than the knowledge of Defendant.

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

### Other Parties' Liability and Negligence

3      This answering Defendant alleges that if there was any negligence or any other form of

4 liability on the part of any of the parties named herein, it was the sole and exclusive negligence and

5 liability of the other persons or entities and not of Defendant.

6

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

7

### Apportionment and Offset

8      This answering Defendant is informed and believes and thereon alleges that Plaintiffs' acts

9 and omissions, including Plaintiffs' agents, servants, and employees acting within the course and

10 scope of their employment, and others, contributed to the alleged damages, injury, or loss, if any,

11 sustained by Plaintiffs.  Defendant requests that the Court apply the principles of apportionment

12 and offset so as to permit the Court or jury to apportion liability according to fault and to grant

13 Defendant a corresponding offset against any damages awarded to Plaintiffs.

14

## THIRTY-NINTH AFFIRMATIVE DEFENSE

15

### Contribution/Equitable Indemnity

16      This answering Defendant alleges, in the event it is held liable to Plaintiffs, any such

17 liability is expressly herein denied, and any other co-defendants are likewise held liable, Defendant

18 is entitled to a percentage contribution of the total liability from said co-defendants in accordance

19 with the principles of equitable indemnity and comparative contribution.

20

## FORTIETH AFFIRMATIVE DEFENSE

21

### Assumption of Risk by Plaintiffs' Employer(s)

22      This answering Defendant alleges that the Complaint and each cause of action alleged

23 therein are barred on the grounds that Plaintiffs' employer or employers knowingly entered into

24 and engaged in the operations, acts and conduct alleged in the Complaint, and voluntarily and

25 knowingly assumed all of the risks incident to said operations, acts and conduct at the time and

26 place mentioned in the Complaint.

27

28

1

FORTY-FIRST AFFIRMATIVE DEFENSE

2

Assumption of Risk

3

This answering Defendant alleges Plaintiffs assumed the risk of the matters referred to in

4

Plaintiffs' Complaint and that Plaintiffs knew and appreciated the nature of the risk and that

5

Plaintiffs voluntarily accepted this risk.

6

FORTY-SECOND AFFIRMATIVE DEFENSE

7

No Market Share

8

This answering Defendant alleges that Defendant did not have an appreciable share of the

9

market for the asbestos-containing products which allegedly caused Plaintiffs' injuries, which

10

occurrence Defendant expressly denies.  Accordingly, Defendant may not be held liable to

11

Plaintiffs based on its alleged share of the applicable product market.

12

FORTY-THIRD AFFIRMATIVE DEFENSE

13

Plaintiffs Fail to Join a Substantial Market Share

14

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a

15

cause of action against this answering Defendant, in that Defendant has failed to join a substantial

16

market share of the producers or products to which Plaintiffs were allegedly exposed.

17

FORTY-FOURTH AFFIRMATIVE DEFENSE

18

Insufficient Facts to Show Substantial Market Share of this Defendant

19

To the extent the Complaint asserts Defendant's alleged "alternative," "market share," or

20

"enterprise" liability, the Complaint fails to state facts sufficient to constitute a cause of action

21

against this Defendant.

22

FORTY-FIFTH AFFIRMATIVE DEFENSE

23

Independent, Intervening or Superseding Cause

24

This answering Defendant alleges that if Plaintiffs suffered any injuries attributable to the

25

use of any product containing asbestos which was used, distributed or sold by Defendant, which

26

allegations are expressly denied herein, the injuries were solely caused by an unforeseeable,

27

independent intervening and/or superseding event beyond the control and unrelated to any conduct

28

1    of Defendant.  Defendant's actions, if any, were superseded by the negligence and wrongful

2    conduct of others.

3    ### FORTY-SIXTH AFFIRMATIVE DEFENSE

4    ### Not a Substantial Factor

5          This answering Defendant alleges that the Complaint and each cause of action therein

6    presented are barred on the grounds that the products, conduct, materials or premises of Defendant

7    as referred to in Plaintiffs' Complaint, if any, were not a substantial factor in bringing about the

8    injuries and damages complained of by Plaintiffs and did not increase the risk that Plaintiffs would

9    suffer the injuries and damages complained of.

10   ### FORTY-SEVENTH AFFIRMATIVE DEFENSE

11   ### Insufficient Exposure

12         Any exposure of Plaintiffs to Defendant's activities, products or exposure to asbestos or

13   asbestos-containing products at Defendant's premises was so minimal as to be insufficient to

14   establish by a reasonable degree of probability that any such product caused any alleged injury,

15   damage, or loss to Plaintiffs.

16   ### FORTY-EIGHTH AFFIRMATIVE DEFENSE

17   ### No Successor Liability

18         This answering Defendant alleges that Defendant has no liability for the acts, omissions or

19   otherwise of any other Defendant or any other entity because Defendant did not become legally

20   responsible for the acts of any such Defendant or entity given the facts and circumstances of the

21   pertinent transactions and never was, nor is, a successor-in-interest, a successor-in-liability or an

22   alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder

23   relating to asbestos or asbestos-containing products.

24   ### FORTY-NINTH AFFIRMATIVE DEFENSE

25   ### Lack of Privity

26         This answering Defendant alleges that Plaintiffs have failed to state a cause of action in that

27   the Complaint fails to allege that there was privity between Defendant on the one hand, and

28

Plaintiffs on the other, and furthermore, such privity did not exist between Defendant on the one hand, and Plaintiffs on the other.

FIFTIETH AFFIRMATIVE DEFENSE

Secondary Assumption of Risk

This answering Defendant alleges that any and all products containing asbestos used, distributed or supplied by Defendant were used, distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which is equal to or greater than, the knowledge of Defendant, i.e. Defendant's liability should be reduced in proportion to the knowledge of Plaintiffs.

FIFTY-FIRST AFFIRMATIVE DEFENSE

Civil Code Section 1431.2

This answering Defendant alleges that the provisions of California Civil Code § 1431.2 (commonly referred to as "Proposition 51") are applicable to Plaintiffs' Complaint and to each cause of action therein.

FIFTY-SECOND AFFIRMATIVE DEFENSE

Workers' Compensation Exclusive Remedy

This answering Defendant alleges that the Complaint is barred by the exclusivity provisions of the California Workers' Compensation laws, including, but not limited to, California Labor Code §§ 3600, et seq.

FIFTY-THIRD AFFIRMATIVE DEFENSE

Offset for Workers' Compensation Benefits

This answering Defendant alleges that to the extent Plaintiffs herein recovered, or in the future may recover, any monies in connection with any claim for workers' compensation benefits, any amounts recovered in this action are subject to a claim by Defendant for a credit or offset.

FIFTY-FOURTH AFFIRMATIVE DEFENSE

Express Contractual Indemnity

This answering Defendant alleges that if Plaintiffs claim exposure to asbestos or asbestos-containing products at a Defendant premises, Defendant contracted with Plaintiffs and/or Plaintiffs'

employer(s) for them to fully assume all responsibility for ensuring Plaintiffs' safety, to guarantee that no hazardous condition existed, and/or to warn and protect against any such conditions, during the performance of Plaintiffs' work, and, further, to fully indemnify Defendant, and to hold Defendant harmless, for all responsibility and liability arising out of said work, and/or any injuries allegedly incurred by Plaintiffs as a result of any of said work.  Defendant reserves all rights to assert these provisions of contractual indemnity.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### Consent

This answering Defendant alleges that at all times mentioned, Plaintiffs consented to the alleged acts or omissions of Defendant.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### Unusual Susceptibility

This answering Defendant alleges that each of Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitivity reactions for which Defendant is not liable.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### Good Faith

This answering Defendant alleges that Plaintiffs' claim for punitive damages is barred because Defendant at all times and places mentioned in the Complaint acted reasonably and in good faith, and without malice or oppression towards Plaintiffs.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### Work Hazard Precautions

This answering Defendant alleges that Plaintiffs' employer(s) was/were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable conduct with, or storage and disposal of the products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product to enable it to inform its employees to take appropriate work precautions to prevent injurious exposure.

1    FIFTY-NINTH AFFIRMATIVE DEFENSE

2    Failure to Join Indispensable Parties

3    Plaintiffs herein have failed to join indispensable parties (California Code of Civil

4    Procedure, § 389) and the Complaint is thereby defective, and Plaintiffs are thereby precluded from

5    any recovery whatsoever as prayed for herein.

6    SIXTIETH AFFIRMATIVE DEFENSE

7    No Standing Under California Civil Code §§ 1708-1710

8    Plaintiffs have no standing nor right to sue for fraud and conspiracy, breach of warranty,

9    deceit, or any cause of action under California Civil Code, §§ 1708-1710, and therefore the

10    Complaint and each cause of action thereof fails to state facts sufficient to constitute a cause of

11    action against this answering Defendant.

12    SIXTY-FIRST AFFIRMATIVE DEFENSE

13    Plaintiffs Are Not Real Parties in Interest

14    Plaintiffs, and each of them, herein lack legal capacity to sue and are not real parties in

15    interest and are thereby precluded from any recovery whatsoever as prayed for herein.

16    SIXTY-SECOND AFFIRMATIVE DEFENSE

17    Fraud and Conspiracy are Not Separate Forms of Damages

18    Fraud and conspiracy do not constitute a separate and distinct form of damages from

19    general damages, and, therefore, the prayer for fraud and conspiracy in addition to general damages

20    does not sufficiently support or constitute a separate claim for damages against this answering

21    Defendant, but is simply cumulative and included in general damages.

22    SIXTY-THIRD AFFIRMATIVE DEFENSE

23    Failure to Allege with Particularity

24    This answering Defendant alleges that Plaintiffs' Complaint fails to set out its claims with

25    sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant

26    reserves the right to add additional defenses as the factual basis for these claims becomes known.

27

28

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

#### Punitive Damages – Failure to State a Cause of Action

This answering Defendant alleges that Plaintiffs' Complaint fails to state facts sufficient to support an award of punitive or exemplary damages against Defendant.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

#### Punitive Damages – Unconstitutionality

The Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, Section 7, of the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

#### Punitive Damages – Excessive Fines

This answering Defendant alleges that the Complaint, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States and California Constitutions, and thus fails to state a cause of action supporting an award of punitive or exemplary damages.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

#### Punitive Damages – Impairment of Obligation of Contracts

The causes of action asserted by Plaintiffs fail to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for punitive damages which, if granted, would violate the prohibition against laws impairing the obligation of contracts set forth in Article I, Section 10, of the United States Constitution.

HUGO PARKER, LLP
240 Stockton Street
8th Floor
San Francisco, CA 94108

DEFENDANT'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – 3:23-CV-1066

SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Punitive Damages – "Double Jeopardy" Clause

Plaintiffs' claims for punitive or exemplary damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment.

SIXTY-NINTH AFFIRMATIVE DEFENSE

Negligent Hiring Claim Invalid

An employee of an independent contractor may not pursue a claim for negligent hiring against a hirer of the independent contractor.  (See Camargo v. Tjaarda Dairy (2001) 25 Cal. 4th 1235.)

SEVENTIETH AFFIRMATIVE DEFENSE

Alternate Unknown Cause

The alleged injuries and damages, if any, may be in whole or in part due to injury, disease or cause other than as alleged.

SEVENTY-FIRST AFFIRMATIVE DEFENSE

No Concert of Action

There is no concert of action between Defendant and any of the other named defendants. Defendants are not joint tortfeasors and, accordingly, Defendant may not be held jointly and severally liable with the other named defendants.

SEVENTY-SECOND AFFIRMATIVE DEFENSE

Plea in Abatement

Plaintiffs, and each of them, lack the legal capacity to proceed and maintain this action and are thereby precluded from any recovery whatsoever as prayed from herein.

SEVENTY-THIRD AFFIRMATIVE DEFENSE

Barred by Doctrine of Res Judicata

This Defendant alleges that if Plaintiffs' claims were already litigated and resolved in any prior action, Plaintiffs' claims herein are barred based on the primary right and res judicata doctrine

1  which prohibit splitting a single cause of action into successive suits and prohibit seeking new

2  recovery for injuries for which the Plaintiffs were previously compensated by alleged tortfeasors.

3  SEVENTY-FOURTH AFFIRMATIVE DEFENSE

4  Not A Successor

5  Defendant denies it is a successor to, or is responsible for, the conduct or liabilities of the

6  alleged alternative entities, with respect to the asbestos exposure alleged herein and, therefore,

7  cannot be responsible for the Plaintiffs' alleged injuries.

8  SEVENTY-FIFTH AFFIRMATIVE DEFENSE

9  Right to Amend

10  This Defendant will assert any and all additional defenses that arise during the course of

11  this litigation and reserves the right to amend its answer to assert such defenses.

12  **PRAYER**

13  WHEREFORE, this answering Defendant prays for judgment as follows:

14  1.    That Plaintiffs take nothing by reason of their Complaint or any claims stated

15  therein;

16  2.    That Plaintiffs' Complaint and each cause of action contained therein be dismissed

17  with prejudice against Defendant;

18  3.    For costs of suit; and

19  4.    For such other and further relief as the Court deems just and appropriate in the

20  circumstances.

21

22  Date: March 20, 2023                     HUGO PARKER LLP

23                                           */s/ Robert J. Bugatto*

24                                           Edward R. Hugo
25                                           Robert J. Bugatto
                                             Attorneys for Defendant
26                                           FOSTER WHEELER LLC

27

28

HUGO PARKER, LLP
240 Stockton Street
8th Floor
San Francisco, CA 94108

DEFENDANT'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – 3:23-CV-1066

1

**PROOF OF SERVICE**

2

*Ronald and Lois Keeling v. John Crane Inc. et al.*
<u>U.S. District Court for the Northern District of California Case No. 3:23-cv-1066</u>

3

4

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My electronic notification address is service@hugoparker.com and my business address is 240 Stockton Street, 8th Floor, San Francisco, California 94108.  On the date below, I served

5

6

DEFENDANT FOSTER WHEELER LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

7

8

on all counsel of record via this Court's CM/ECF electronic filing system.

9

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 20, 2023, at San Francisco, California.

10

11

12

_____
                    Robert Hallsey

13

14

4801-3881

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUGO PARKER, LLP
240 Stockton Street
8th Floor
San Francisco, CA 94108

DEFENDANT'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – 3:23-CV-1066